UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-cr-00310-HDM-PAL |
| | ) | 2:12-cv-00851-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOSEPH HALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The government has filed a motion for an order waiving the attorney-client privilege with respect to defendant's 28 U.S.C. § 2255 motion (#242). The defendant has not opposed the motion, and the time for doing so has expired.

Considering the nature of the claims defendant has raised in his § 2255 motion and the fact defendant has not opposed the government's motion, the court finds and concludes that the attorney-client privilege has been waived. *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *see also United States v. Ortland*,

1

109 F.3d 539, 543 (9th Cir. 1997). Accordingly, the government's motion for order waiving the attorney-client privilege (#242) is **GRANTED**. Defendant's former attorney, G. Luke Ciciliano, is not prohibited by virtue of the attorney-client privilege from providing testimony and affidavits responsive to the defendant's ineffective assistance of counsel claims.

**IT IS SO ORDERED.**

DATED: This 9th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

2