UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-cr-00310-HDM-PAL |
| | ) | 2:12-cv-00851-HDM |
| Plaintiff/Respondent, | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOSEPH HALL, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

Defendant has filed a motion for discovery in connection with his 28 U.S.C. § 2255 motion (#262). The government has opposed in part (#268), and defendant has replied (#269).

Defendant does not have an automatic right to conduct discovery in this proceeding. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *United States v. Sewell*, 2012 WL 1928727, at *1 (E.D. Cal. 2012). The court may, however, "for good cause, authorize [the defendant] to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) of the Rules Governing Section 2255 Proceedings. Good cause exists "where specific allegations before the court show reason to believe that the

1

petitioner may, if facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." *Bracy*, 520 U.S. at 908-09.

"A party requesting discovery must provide reasons for the request." Rule 6(b) of the Rules Governing Section 2255 Proceedings. "The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id.*

1. Discovery from Defendant's Criminal Prosecution

Defendant requests the discovery turned over by the government in connection with his criminal prosecution. The government argues that it does not believe such is "discovery" within the meaning of Rule 6 and that it does not oppose defendant obtaining such documents from his former attorneys. The government does, however, object to defendant's use of Rule 6 to obtain these documents as he has not demonstrated good cause for the request.

The court agrees that the discovery from defendant's criminal prosecution is not "discovery" under Rule 6. He therefore is not required to establish good cause to obtain it. Rather, as it is part of the file of his case and he is representing himself, he is entitled to it. Accordingly, the defendant's motion for the discovery from his criminal prosecution is **GRANTED**. Defendant's former attorneys are hereby **ORDERED** to provide defendant with copies of any discovery in their possession to the extent they have not already done so by previous order or otherwise.

2. Subpoenas for Counsel's Telephone and Cell Phone Records

Defendant seeks the office and cell phone records of his trial counsel, G. Luke Ciciliano. Defendant argues that he needs these

records to prove that Ciciliano never attempted to contact several witnesses defendant wanted at trial. (*See* Gov't Opp'n to Def. Motion to Vacate (Ciciliano Aff. ¶ 7)).

Ciciliano's telephone records would not be dispositive of defendant's claim in this regard. Good cause does not therefore exist to order their production, and the request for subpoenas is **DENIED**.

3. All Notes and Files of Ciciliano and the Federal Public Defender's Office Related to This Case

Defendant argues he needs these files to prove that Ciciliano did not investigate his case as he claims, asserting that if Ciciliano had investigated his case there would be notes and papers to prove it.

The absence of notes would not prove a failure to investigate. Nor would anything in the Federal Public Defender's file shed light on whether Ciciliano conducted the investigations he claims to have conducted. Good cause does not therefore exist to order the production of these documents, and the request for such is **DENIED**.

4. Government's Plea Offer

Defendant asserts that Ciciliano rendered ineffective assistance of counsel by not showing or discussing with him in detail a plea offer made by the government just before trial. The government argues that the contents of the written plea have no bearing on the merits of this claim.

The proposed plea agreement could be relevant to defendant's claim and the court's determination thereof. Good cause exists for its production. Accordingly, the defendant's request for a copy of the proposed plea agreement is **GRANTED**. The government shall

provide defendant with a copy of the written plea offered just before trial in this matter.

    5. Transcripts of Voir Dire, Opening and Closing, Jury Instructions, and Sidebars

    The transcripts of the defendant's trial are also not "discovery" within the meaning of Rule 6.  However, the record reflects that, excluding the voir dire transcript, the defendant should already be in possession of his trial transcript.  The transcripts were completed before defendant's sentencing, at which he represented himself.  In order to represent himself, defendant was provided the file of his case, which would have included the already completed trial transcripts.  Accordingly, the defendant's request for transcripts of all sidebars, opening and closing arguments, and jury instructions, is **DENIED WITHOUT PREJUDICE.**  Any renewed motion shall specify which portions of the transcript he seeks that he was not previously provided, and the basis for such request.

    However, defendant does not likely possess the voir dire transcript as it was completed after he was sentenced.  The government does not oppose defendant's request in this regard.  Accordingly, the defendant's motion for the voir dire transcript is **GRANTED.**  The clerk of the court shall send defendant a copy of the redacted voir dire transcript (#202) at no cost to the defendant.

    6. Jury Verdict Form

    The jury verdict form is part of the file of this case, and therefore is not "discovery" within the meaning of Rule 6.  The defendant's request for a copy of the jury verdict form is therefore **GRANTED.**  The clerk of the court shall send defendant a

4

copy of the jury verdict (#117) at no cost to defendant.

7. Visiting Records from North Las Vegas Detention Center

Defendant requests the visiting records to show that Ciciliano did not "meet" with him the day before trial to discuss the government's offered plea agreement as stated in his affidavit. (*See* Gov't Opp'n to Mot. to Vacate (Ciciliano Aff. ¶ 10). By this, defendant means to show that Ciciliano did not physically come to the jail to see him. The government opposes the request, arguing that Ciciliano's use of the word "met" does not necessarily mean he went to the detention center in person but could include a discussion with defendant over the telephone. Because defendant admits that Ciciliano at the very least spoke with him the day before trial about a proposed plea agreement, and Ciciliano does not claim he physically went to the detention center to do so, the visiting records are irrelevant. Good cause does not therefore exist for their production, and the defendant's request for such is **DENIED**.

8. Ciciliano's Billing Records

Defendant argues that "the reason for this request should be obvious." However, the reason is not obvious to the court, and defendant does not otherwise explain how Ciciliano's billing records pertain to any of the claims asserted in his § 2255 motion. Accordingly, the request is **DENIED**.

9. All government notes of police reports, interviews and investigations

Defendant provides no basis for this request. If defendant is entitled to any of these documents, it is only to the extent they were turned over by the government during discovery. Any discovery

in his former counsel's possession will be provided to defendant pursuant to this order. Accordingly, this request is **DENIED**.

10. Grand Jury Matters

Defendant seeks a copy of the Grand Jury transcript and other unspecified "matters." As the court has already ordered this transcript be provided to defendant, (*See* Doc. #141, Minutes of Status Conference on January 8, 2009), defendant's request for the grand jury transcript is **DENIED**. To the extent defendant seeks disclosure of other unspecified matters, it is unclear what he wants or the basis for his request. The remainder of defendant's request is therefore also **DENIED**.

11. Interrogatories of Counsel, All Government Witnesses, and Other Unspecified Witnesses

Defendant submits no proposed interrogatories in accordance with Rule 6(b) of the Rules Governing Section 2255 motions, does not explain the basis for this request, and fails to even identify with specificity all persons to whom he wishes to send interrogatories. Absent further specification by defendant as to what questions he wants to ask which persons and why, the request is **DENIED WITHOUT PREJUDICE**.

In accordance with the foregoing, it hereby ordered:

1. Defendant's motion for the discovery from his criminal prosecution is **GRANTED**. No later than May 20, 2013, defendant's former attorneys shall provide defendant with copies of all discovery in their possession to the extent they have not already done so by order of the court or otherwise;

2. Defendant's motion for a copy of the government's plea offer is **GRANTED**. No later than May 20, 2013, the government shall

6

1  provide defendant with a copy of the proposed plea agreement
2  offered just before trial;
3      3. Defendant's motion for transcripts is **DENIED WITHOUT**
4  **PREJUDICE** as to the request for transcripts of the opening and
5  closing arguments, jury instructions, and sidebars.  The motion for
6  the voir dire transcript is **GRANTED.**  The clerk of the court shall
7  send defendant a copy of the redacted voir dire transcript (#202)
8  at no cost to defendant;
9      4. Defendant's motion for a copy of the jury verdict is
10 **GRANTED.**  The clerk of the court shall send a copy of the jury
11 verdict (#117) to defendant;
12     5. In all other respects, the defendant's motion for discovery
13 (#262) is **DENIED**; and
14     6. The clerk of the court shall serve a copy of this order on
15 Mario Valencia, Todd Leventhal, Jacqueline Naylor, Gerald Luke
16 Ciciliano, Shari Kaufman, Monique Kirtley, and Michael Sanft,
17 defendant's former attorneys of record.
18     **IT IS SO ORDERED.**
19     DATED: This 18th day of April, 2013.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE