UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:06-cr-00310-HDM-PAL |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH HALL, | |
| Defendant. | |

Defendant Joseph Hall ("Hall") has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 340). The government has opposed (ECF No. 342), and Hall has replied (ECF No. 343).

In 2008, Hall was found guilty of three counts of possession with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). Because Hall had at least two prior qualifying convictions, he was subject to an enhanced mandatory sentence of life under § 841(b)(1)(A) and § 851. On virtually the same basis, Hall also qualified as a career offender under the sentencing guidelines. In 2009, after the court found Hall had the predicate qualifying prior convictions both under § 841(b)(1)(A) and the Guidelines, Hall was sentenced to life on all three counts.

In May 2020, the court granted Hall's motion for a sentence reduction pursuant to Section 404 of the First Step Act. FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. The court resentenced Hall to a term of 360 months in prison. To date, Hall has served less half of this time, or, accounting for

1

good-time credits, roughly 57 percent of his projected 307-month sentence.[1] He now seeks compassionate release.

**Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set

---

[1]Hall has served about 175 months to date. Currently, Hall's projected release date is April 19, 2032 – 132 months from now. *See* https://www.bop.gov/inmateloc/ (last accessed Mar. 25, 2021).

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Hall is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction;

. . .

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even if there are extraordinary and compelling reasons, an inmate may be granted compassionate release only if he is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g). *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.").

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**Analysis**

Hall argues that there exist extraordinary and compelling reasons for his release because his underlying health conditions put him at an increased risk of COVID-19 complications. Specifically, Hall asserts that he suffers from obesity, high blood pressure, and obstructive sleep apnea, and that these conditions, along with his age, gender, and race, place him at high risk for severe COVID-19 complications should he contract the virus. The government opposes granting relief, arguing that COVID-19 is not widely spreading in Hall's institution, the Bureau of Prisons has begun vaccinating inmates at Hall's institution, and that a

reduction of sentence is inappropriate when considering, as the court must, the factors under 18 U.S.C. § 3553(a) and whether the defendant remains a danger to the community.

### A. Exhaustion

Before a defendant may file a § 3582(c)(1)(A) motion, he must ask the warden of his institution to file a motion for compassionate release on his behalf and either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Hall submitted a request for compassionate release on May 20, 2020. (ECF No. 340-2). More than thirty days have elapsed from the warden's receipt of the request, so Hall's motion is exhausted.

### B. Extraordinary and Compelling Reasons

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Hall's conditions, separately and together, put him at a higher risk of COVID-19 complications under the CDC guidance. The

4

government concedes as much. However, there is little to indicate that COVID-19 is spreading rapidly in Hall's institution, FCI Ray Brook.[3] Moreover, in light of the ongoing vaccination campaign, it is likely that Hall will be offered the vaccine relatively soon. While the vaccines may not offer complete protection against COVID-19 and its many variants, it is believed they protect against the most severe outcomes of a COVID-19 infection and offer significant protections against contracting the virus in the first place. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. For these reasons, the court is not persuaded that extraordinary and compelling reasons exist for Hall's release. Even if they did exist, however, the court would nevertheless decline to reduce Hall's sentence after weighing the applicable 18 U.S.C. § 3553(a) factors.

**C. 18 U.S.C. § 3553(a) Factors**

The court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g), *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."), and the relevant 18 U.S.C. § 3553(a) factors favor release.

Both the nature and circumstances of the offense in this case and the history and characteristics of the defendant weigh against shortening Hall's sentence any further. The offense conduct

---

[3] As of the date of this order, FCI Ray Brook has one positive COVID-19 case among staff and none among inmates. *See* https://www.bop.gov/coronavirus/ (last accessed Apr. 2, 2021).

1   involved trafficking in significant amounts of cocaine. Before

2   that, Hall had a substantial criminal history that qualified him

3   as a career criminal and included three drug trafficking offenses,

4   several drug possession convictions, and multiple other arrests.

5   As the government correctly points out, over the twenty years

6   preceding his arrest in this case, little time would pass between

7   the defendant's release from prison on one drug charge before he

8   was arrested for another. The frequency of Hall's prior offenses

9   belies his claim that is at low risk of recidivism. Finally, a

10  sentence of 360 months, which is at the low-end of Hall's

11  Guidelines range, is necessary to reflect the seriousness of the

12  offense, promote respect for the law and provide just punishment

13  for the offense, to afford adequate deterrence to criminal conduct,

14  and to avoid unwarranted sentence disparities. The fact that Hall

15  has served less than sixty percent of his sentence, accounting for

16  possible good-time credits, and less than half of his sentence

17  without adjustment, weighs heavily against authorizing his

18  release. Accordingly, the court concludes that a reduction in

19  sentence is not appropriate.

20  **Conclusion**

21      In accordance with the foregoing, Hall's motion for

22  compassionate release (ECF No. 340) is hereby DENIED.

23      IT IS SO ORDERED.

24      DATED: This 2nd day of April, 2021.

25

26      _____

27      UNITED STATES DISTRICT JUDGE

28

6