UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br>JOSEPH HALL,<br><br>    Defendant. | Case No. 2:06-cr-00310-HDM-PAL<br><br>ORDER |

Defendant Joseph Hall ("Hall") has filed a motion for reconsideration of the court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 346). The government has responded (ECF No. 347), and Hall has replied (ECF No. 348).

Hall filed his motion for compassionate release on February 17, 2021. (ECF No. 340). The court denied the motion on April 2, 2021. (ECF No. 345). In its order, the court cited U.S.S.G. § 1B1.13 as relevant authority for evaluating Hall's motion. Days later, the Ninth Circuit held that § 1B1.13 is not binding where, as here, a defendant brings a § 3582(c)(1)(A) motion directly to the court. *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). It held that the factors set forth in § 1B1.13 may, however, be considered by the court to inform its exercise of discretion. *Id.* at 802.

1

Hall now moves for reconsideration of the court's order on the basis of both *Aruda* and additional circumstances that have arisen since the court's original order.[1]

Reconsideration is not warranted in view of *Aruda*. The court's order denying release did not treat § 1B1.13 as binding as to its analysis of whether there were extraordinary and compelling reasons for compassionate release. Although the court did state that compassionate release may be granted only if the defendant is not a danger to the community, and *Aruda* made clear that such a finding is not statutorily required, 993 F.3d at 799, the court did not conclude that, or deny the motion because, Hall was a danger to the community. Rather, the court found that the low incidence of COVID-19 in Hall's institution coupled with the likelihood that Hall would be offered a vaccine relatively soon negated any finding of extraordinary and compelling circumstances. Moreover, the court held that even if extraordinary and compelling reasons existed, the § 3553(a) factors did not favor early release.

Nor is the court persuaded that any of the additional facts identified by Hall justify reconsideration. The relatively low rate of vaccination in the community in which his current institution is located is not a relevant consideration, particularly where the rate of vaccination in the facility itself is significantly higher. Moreover, Hall has been offered a vaccine, which could provide protection even where others remain unvaccinated. Hall's refusal to accept the vaccination does not,

---

[1] Hall has served about 177 months to date. Currently, Hall's projected release date is April 19, 2032 – 130 months from now. *See* https://www.bop.gov/inmateloc/ (last accessed May 25, 2021).

2

in this court's view, provide a reasonable basis for releasing him due to the potential threat of a COVID-19 infection. Hall's assertions that the vaccine would not have been effective on him at any rate are not supported by the record. And the conditions Hall has endured during this time period of transfers are temporary in nature, even if extended, and as such are not extraordinary and compelling reasons for his release.

Finally, with respect to Hall's medical need for a CPAP machine, Hall has not shown that he has even attempted to secure such a machine at any of the institutions where he has been housed, much less that such attempts would be futile. Even considering this last factor and reweighing the § 3553(a) factors in light of it, the court concludes that release remains unjustified at this time.

Accordingly, Hall's motion for reconsideration (ECF No. 346) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 1st day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE